UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JIMMY LEE WHEELER,

    Petitioner,

v.                                        Case No. 4:19cv411-MW-HTC

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner's Second Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.[1]  ECF Doc. 11.  The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Under Rule 4, Rules Governing § 2254 Cases, the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Upon review, the undersigned determined that it plainly appeared from the second amended petition that Wheeler was not entitled to relief.

---

[1] By filing the second amended petition, that petition is now the operative pleading. *See Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006).  Thus, the Court's prior orders relating to the initial petition (ECF Doc. 1) and the first amended petition (ECF Doc. 5) will be vacated.

Case No. 4:19cv411-MW-HTC

Therefore, on November 21, 2019, the undersigned ordered Wheeler to show cause why the case should not be recommended for dismissal. ECF Doc. 12. Wheeler responded on December 2, 2019 (ECF Doc. 13), and the undersigned has reviewed his response. For the reasons which follow, the undersigned respectfully recommends that the second amended petition be dismissed.

In Petitioner's second amended petition, he seeks the following relief:

> An order to the Florida Department of Corrections to Correct the Criminal Record which it has incorporated a 'gun' to wit: 'deadly weapon' falsely documented by it for 45-years; and thus Correct the Criminal documented history from any weapon or gun convictions or document computer database as is currently document in Exhibit C, DOC's inmate record.

ECF Doc. 11 at 19. This is not the type of relief that this Court can provide under section 2254. Specifically, that section states that the district court can entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Although Wheeler mentions his convictions in case numbers CF74-2445, CF74-2446 and CF74-2447, he does not appear to be challenging those convictions. Instead, as stated above, he only seeks an order to the Florida Department of Corrections ("FDOC") directing it to correct its computer database. ECF Doc. 11 at 19.

Thus, Wheeler is not arguing that he is in custody in violation of any law. Instead, he argues that the computer databases of the FDOC are reporting three prior

Case No. 4:19cv411-MW-HTC

offenses of his incorrectly.  He also does not allege that the prior offenses have been used, or might be used, to enhance any sentence.  Therefore, his allegations do not trigger application of 28 U.S.C. § 2254.  *See Eato v. Sec'y, Fla. Dep't of Corr.*, 713 F. App'x 860, 862 (11th Cir. 2017).  Moreover, even outside the §2254 context, a federal court does not have jurisdiction to issue writs compelling action by state officials in the performance of their duties.  *Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973)[2]; *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007).

Additionally, even if he were attacking his 45-year-old convictions in CF74-2445, CF74-2446 and CF74-2447, Wheeler's second amended petition would still be subject to dismissal because he is no longer in custody on those convictions.  Indeed, that exact issue was previously addressed by the Middle District in a § 2254 action Petitioner brought before that court, relating to these same convictions.  In *Wheeler v. Secretary*, 8:18-cv-1716-T-33TGW, the Middle District dismissed his petition under 28 U.S.C. § 2254 because "Wheeler has completely served the 1975 sentences imposed for the robbery convictions that he challenges, and he is not in custody pursuant to the 1975 judgment(s).  Furthermore, Wheeler is not alleging that his previous convictions were used to enhance the sentence under which he is now

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.

Case No. 4:19cv411-MW-HTC

incarcerated." *See id.* For the same reasons he could not bring a § 2254 petition before the district court in the Middle District of Florida, he cannot bring such an action before this Court.

Finally, because Wheeler has already brought one habeas petition seeking to invalidate those convictions, he cannot bring a second action without first obtaining authorization from the Eleventh Circuit. A second or successive § 2254 petition requires prior authorization from the Eleventh Circuit Court of Appeals, 28 U.S.C. § 2244(b)(3)(A), and the district court lacks jurisdiction to consider an unauthorized second or successive petition. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

In his response at ECF Doc. 13, Wheeler again makes clear he is not attacking his final convictions. Instead, he is seeking mandamus relief as "the proper vehicle to compel the custodian Florida Department of Corrections to either correct the false publication or show cause why . . . ." ECF Doc. 13 at 6. He then simply restates his previous arguments. Accordingly, nothing in his response shows cause why the second amended petition should not be recommended for dismissal.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing

Case No. 4:19cv411-MW-HTC

required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the second amended petition (ECF Doc. 11) be DISMISSED WITH PREJUDICE under Rule 4, Rules Governing § 2254 Cases.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 10th day of December, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.